J-S45025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTORIA EDWARDS | |
| Appellant | No. 2044 EDA 2016 |

Appeal from the Order June 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0010468-2013

BEFORE: GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 12, 2017**

Appellant, Victoria Edwards, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying her motion to dismiss the charges filed against her for driving under the influence ("DUI"). We affirm.

The relevant facts and procedural history of this case are as follows. On March 16, 2013, police arrested Appellant and charged her with DUI, driving without required lighting, and driving with suspended registration.[1] After a trial *in absentia* on May 20, 2013, Appellant was found guilty of driving without required lighting and driving with suspended registration, both summary

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802, 4302, and 1371(a), respectively.

offenses, in the Traffic Court of Philadelphia.[2] Appellant then moved to dismiss the DUI charge in Philadelphia's Municipal Court, based on a compulsory joinder argument. The court denied Appellant's motion, and the Court of Common Pleas denied Appellant's appeal. This appeal is now before us.

On appeal, Appellant indicates she was previously convicted of driving without required lighting and driving with suspended registration. Appellant argues that the compulsory joinder statute, 18 Pa.C.S.A. § 110(1)(ii), precludes her subsequent prosecution for DUI. We disagree.

"The compulsory joinder statute is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." *Commonwealth v. Fithian*, 961 A.2d 66, 71 (Pa. 2008) (citing 18 Pa.C.S.A. § 110). Compulsory joinder review raises a question of law; consequently, our standard of review is *de novo*, and our scope of review is plenary. *See Commonwealth v. Fithian*, 961 A.2d 66, 71, n.4 (Pa. 2008).

The outcome here is controlled by this Court's recent decision in *Commonwealth v. Perfetto*, ____ A.3d ____, 2017 WL 377663 (Pa. Super., filed Aug. 30, 2017) (*en banc*). The *en banc* panel found that 42 Pa.C.S.A. §

---

[2] Appellant was convicted of both summary traffic offenses in the Traffic Court of Philadelphia. A 2013 Amendment to the Pennsylvania Consolidated Statutes restructured the Traffic Court; cases previously adjudicated by the Traffic Court are now under the jurisdiction of the Traffic Division of Philadelphia's Municipal Court. **See** Act 17-2013 (S.B. 334), P.L. 55 (2013). The restructuring does not affect our disposition in this case.

1302, setting forth the jurisdiction of the Traffic Court, clearly provided for an *exception* to the compulsory joinder rule in judicial districts with a designated and open traffic court. **See id**., at *5.

The Traffic Court of Philadelphia has jurisdiction over all prosecutions for summary offenses arising under Title 75, the Pennsylvania Vehicle Code. **See** 42 Pa.C.S.A. § 1302(a.1). "The jurisdiction of a traffic court … shall be exclusive of the courts of common pleas and magisterial district judges, except that such jurisdiction shall be concurrent with the magisterial district judges whenever the traffic court is closed." 42 Pa.C.S.A. § 1302(b). Thus, "[a] prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arose in the same judicial district and at the same time as the summary traffic offense." **Perfetto**, ____ A.3d at ____, 2017 WL 377663, at *9.

Instantly, Appellant was found guilty of driving without required lighting and driving with suspended registration. This trial took place in a designated and open traffic court. Pursuant to § 1302, the Traffic Court had exclusive jurisdiction over Appellant's summary traffic offense. Consequently, Appellant's conviction in Traffic Court did not bar her later prosecution for DUI, and the Commonwealth was entitled to proceed in Municipal Court. Appellant's sole question for appellate review is without merit. Accordingly, we affirm the trial court's order.

Order affirmed.

President Judge Gantman joins the memorandum.

Judge Strassburger files a concurring memorandum in which President Judge Gantman joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017